UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CLOSED CIVIL CASE**

Case No. 07-22132-CIV-GRAHAM/ O'SULLIVAN

ALEXANDER GOLDANSKY,

    Plaintiff,

vs.

TRG-DESERT IN VENTURE, LTD.,
et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendants TRG-Desert Inn Venture, Ltd. and TRG Beach Club Realty, Inc.'s Motion to Dismiss the Amended Complaint for Failure to State a Claim (the "Motion to Dismiss"), contained within the Notice of Removal [D.E. 1].

**THIS COURT** has considered the Motion to Dismiss, the pertinent portions of the record, and is otherwise duly advised in the premises.

### I. BACKGROUND

This action was initially filed in the Southern District of New York and was thereafter transferred to this District on August 17, 2007. (See D.E. 1) Prior to the transfer, Defendants TRG-Desert Inn Venture, Ltd. and TRG Beach Club Realty, Inc.,

(collectively, the "TRG Defendants"), filed a Motion seeking to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, requesting transfer of venue.[1] The Court in the Southern District of New York granted the TRG Defendants' motion to transfer venue and did not decide the issues regarding dismissal. Consequently, this Court now considers the TRG Defendants' Motion to Dismiss the Amended Complaint pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

## II.   STANDARD AND MATTERS CONSIDERED

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff and accept its allegations as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Beck v. Deloitte & Touche*, 144 F.3d 732, 734 (11th Cir. 1998). In order to survive a motion to dismiss, a complaint must contain factual allegations which are enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965

---

[1] Apparently, Defendants Gonzalo Montenegro, Monica Montenegro, Aventura Title Insurance Corporation and Chicago Title Insurance Corporation have not appeared in this action and it is uncertain whether each has been served. (*See* TRG Defs.' Reply Mem. Of Law In Support of Their Mot. to Dismiss or, in the alternative, to Transfer Venue, at 1 n.1.) Based on the record, however, this Court finds that the non-appearance of the other Defendants is not material to the Motion to Dismiss.

(2007) (internal citations omitted). Thus, in the context of a motion to dismiss, the issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims," as pled. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Ultimately, dismissal of a complaint is appropriate when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Marshall County Bd. of Educ. v. Marshall County Gas. Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

In deciding on a motion to dismiss, a court may only examine the "four corners" of the complaint and any matters incorporated therein, and not matters outside the complaint, without converting the motion to dismiss into a motion for summary judgment. *See Cromwell v. Morgan Stanley Dean Witter Servs., Inc.*, 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000); *Blount v. Sterling Healthcare Group, Inc.*, 934 F. Supp. 1365, 1368 (S.D. Fla. 1996) (noting that a court must take as true the complaint and its incorporated exhibits).

In this case, in support of the Motion to Dismiss, the TRG Defendants attached a version of the Contract for Sale and Purchase (the "Purchase Agreement"). (Mot. to Dismiss, Silverman Aff. Ex. B.) In opposing dismissal, Plaintiff also attached a version of the Purchase Agreement. (Pl.'s Mem. of Law in Opp. to Defs.' TRG-Desert Inn Venture, Ltd and TRG Beach Club Realty, Inc.'s Mot. to Dismiss Or, in the Alternative, To Transfer Venue (hereinafter

"Plaintiff's Response"), Feinstein Aff. Ex. A.) The only significant difference between the two versions of the Purchase Agreement is that Plaintiff's version of the Purchase Agreement does not identify the Montenegro Defendants as the "Owner of Record" and is not executed by the Montenegro Defendants. (*Compare* Silverman Aff. Ex. B with Feinstein Aff. Ex. A.) Both versions of the Purchase Agreement are executed by Plaintiff and contain the same binding provisions.

Being that the Purchase Agreement was incorporated by reference in the Amended Complaint (*see* Am. Compl. ¶¶ 8, 11-12, 16-17, 22) the agreement is properly considered without converting the Motion to Dimiss into a motion for summary judgment. *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). The Court, however, treats the Goldansky Affidavit accompanying Plaintiff's Response differently. (Goldansky Aff. in Opp. to Defs.' TRG-Desert Inn Venture, Ltd and TRG Beach Club Realty, Inc.'s Mot. to Dismiss Or, in the Alternative, To Transfer Venue, attached to Plaintiff's Response.) The Goldansky Affidavit is outside of the pleadings. *See Ware v. Associated Milk Prods., Inc.*, 614 F.2d 413, 414-15 (5th Cir. 1980) (the court has complete discretion to determine wether or not to accept any material beyond the pleadings that is offered in

conjunction with a Rule 12(b)(6) motion).² Therefore, the Goldansky Affidavit is not considered in determining the Motion to Dismiss.

### III. DISCUSSION

A. *The Allegations in the Amended Complaint*

On or about March 1, 2007, Plaintiff filed his Amended Complaint, asserting three causes of action. The First cause of action alleges fraud in the inducement against the TRG Defendants and individual Defendants Gonzalo Montenegro and Monica Montenegro (the "Montenegro Defendants"). Plaintiff specifically asserts that Defendants made material misrepresentations and concealed facts that induced Plaintiff into making the purchase of condo unit 1202 located at the Condominium Development known as Ocean Four Condominium in Sunny Isles Beach, Florida. (Am. Compl. ¶ 2, 20.)

The Second cause of action asserts claims against the TRG Defendants and the Montenegro Defendants under Title XL (Real and Personal Property), Chapter 718 (Condominiums), provisions that require certain documents be provided to prospective condominium purchasers. (*See* Am. Compl. ¶¶ 17, 28-31.) In this regard, Plaintiff maintains that he did not receive the requisite documentation and, therefore, the TRG and Montenegro Defendants are

---

²*In Bonner v. City of Richard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

in violation of Florida law such that Plaintiff is entitled to cancel the Purchase Agreement. *Id.*

Plaintiff's third cause of action seeks declatory relief against all Defendants, specifically demanding rescission of the Purchase Agreement and return of the deposit amount of $166,000 that Defendant Chicago Title Insurance Company is allegedly holding in escrow. (Am. Compl. ¶ 32.)

B.   *Claim of Fraud in the Inducement*

As an initial matter, the Court will apply Florida law in considering the Motion to Dismiss Count I of the Amended Complaint.[3] Under Florida law, to state a cause of action for fraud in the inducement, a plaintiff must allege (i) a misrepresentation of a material fact; (ii) that the representor knew or should have known of the statement's falsity; (iii) that the representor intended to induce reliance on the misrepresentation; and (iv) that the plaintiff suffered injury in justifiable reliance on the representation. *Hillcrest Pacific Corp. v. Yamamura*, 727 So. 2d 1053, 1055 (Fla. 4th Dist. Ct. App.

---

[3] Despite assertions by the TRG Defendants, it is unclear if the Purchase Agreement, in fact, contains an express choice of law provision. Nevertheless, the transaction at issue and certain provisions in the Purchase Agreement reference Florida law. Moreover, the parties do not dispute that Florida law applies. (*See* Mot. to Dismiss, at 5 n.2; Pl.'s Resp. at 7 (referring to Federal law as well as the laws of New York and Florida); TRG Defs.' Reply at 2.) Therefore, the Court finds Florida law applicable to these facts.

1999); see also *Flamenbaum v. Orient Lines, Inc.*, 2004 WL 1773207, *5 n.4 (S.D. Fla. 2004).

In support of dismissing the claim of fraud in the inducement, the TRG Defendants maintain that Plaintiff fails to establish the element of reasonable reliance. *See* Mot. to Dismiss, at 5. Specifically, according to the TRG Defendants, Plaintiff's assertion that he was purchasing the condo unit from the developer-sponsor is unreasonable because it is contradicted by the express terms of the Purchase Agreement. (Mot. to Dismiss, at 5-7.)

In this regard, the Court notes that the two versions of the Purchase Agreement submitted in connection with the Motion to Dismiss differ. The TRG Defendants submitted a version of the Purchase Agreement that specifically includes the names of Gonzalo and Monica Montenegro as Sellers and "Owner of Record". (Silverman Aff. Ex. B, at 1.) Plaintiff, on the other hand, submitted a Purchase Agreement that states "Owner of Record," but does not identify the Montenegros by name. (Feinstein Aff. Ex. A, at 1.) Indeed, Plaintiff's version of the Purchase Agreement is not executed by the Montenegros and contains blank signature lines.[4]

---

[4] The Court finds that although Plaintiff's version of the Purchase Agreement was not executed by the Montenegro Defendants and did not identify the Montenegros as the "Owner of Record," these omissions did not change Plaintiff's obligations. Moreover, the Purchase Agreement was ultimately executed by all parties. (*See* Silverman Aff., Ex. B.) Thus, the difference in versions does not change the Court's ruling.

The difference in the versions of the Purchase Agreement may have been fatal to the Motion to Dismiss in that, if Plaintiff's allegations are taken as true, as the Court must accept on a motion to dismiss, the Purchase Agreement that Plaintiff executed and initialed may not have identified or named the Montenegros as Sellers. (*See* Feinstein Aff. Ex. A.) The Seller was identified solely as the "Owner of Record". *Id.* In the absence of a named individual owner, Plaintiff could have reasonably relied on alleged oral representations that he was purchasing the condominium unit from the developer.

The Purchase Agreement, however, is more extensive than the blank where the Seller's name appears and contains other material provisions that are not in dispute and that independently contradict the allegations in the Amended Complaint. Significantly, the Purchase Agreement contains a provision which expressly provides that "Buyer understands and agrees that Seller does not presently own the Unit but has entered into a purchase agreement. . . to purchase the Unit from Developer. (Purchase Agreement, at 8 ¶ 2.) There is no dispute that Plaintiff initialed the page containing the aforementioned provision. In light of the express provision that states "Seller does not presently own the Unit" and Seller "is to purchase the Unit from Developer," Plaintiff cannot claim that he reasonably relied on alleged

statements by real estate agents that he was purchasing directly from the developer.

The case law is clear that a party has no right to rely upon alleged oral misrepresentations that are expressly contradicted in a written contract. *Hillcrest*, 727 So. 2d at 1056 ("a party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later agreement"); *S & B Invs., LLC v. Motiva Enter., L.L.C.*, 2004 WL 3250306, *5 (S.D. Fla. 2004) ("it was unreasonable for [plaintiff] to rely on prior representations which are inconsistent with and expressly contradicted by the later written contract"); *Rosa v. Amoco Oil Co.*, 262 F. Supp. 2d 1364, 1367-68 (S.D. Fla. 2003) (finding plaintiff's reliance upon oral representations unreasonable as statements were contradicted by signed agreement); *Schubot v. McDonald Corp.*, 757 F. Supp. 1351, 1356 (S.D. Fla. 1990) (finding that reliance on oral representations is unreasonable if the party enters into a subsequent agreement).

The Court also notes that Plaintiff does not challenge the terms of the Purchase Agreement. Rather, Plaintiff asserts that he met with agents and "within minutes of being at the Developer's Office," Plaintiff signed the Purchase Agreement. (Am. Compl. ¶ 8-12.) Plaintiff's opposition seems to rest on the contention that "he pre-signed and initialized all blank paperwork within fifteen (15) minutes." (Pl.'s Resp., at 2.) Other than emphasizing the

9

short amount of time that Plaintiff allegedly met with real estate agents, nowhere does Plaintiff allege that he did not read the Purchase Agreement or that he was somehow hindered from reviewing it. (Defs. TRG-Desert Inn Venture, Ltd. and TRG Beach Club Realty, Inc.'s Reply Mem. of Law in Support of Mot. to Dismiss Or, in the Alternative, To Transfer Venue, at 4.) Indeed, Plaintiff makes general allegations that statements made to him were misrepresentations, yet he fails to establish reasonable reliance on the alleged misrepresentations. Without justifiable reliance, there can be no actionable fraud. *Hillcrest*, 727 So. 2d at 1057.

Even if Plaintiff executed the Purchase Agreement without reviewing its contents, he is not entitled to relief. *See Quality Foods Inc. v. U.S. Fire Insur. Co.*, 715 F.2d 539, 542 (11th Cir. 1983) (a person who executes a written document in ignorance of its contents cannot plead ignorance in order to avoid the effect of the document). In this case, Plaintiff cannot succeed on a claim of fraud in the inducement given that the explicit provisions of the Purchase Agreement contradict any statements allegedly made to him by real estate agents. Thus, Count I of the Complaint must be dismissed as a matter of law.

C.  *Pleading Fraud with Particularity*

As a separate basis for dismissing Plaintiff's claim of fraud, the TRG Defendants assert that Plaintiff has failed to meet the high pleading standards of Federal Rule of Civil Procedure 9(b).

Rule 9(b) requires that the circumstances constituting fraud be stated with particularity. Fed. R. Civ. Pro. 9(b). Fraud in the inducement claims are subject to these requirements. *Flamenbaum*, 2004 WL 1773207, at *5.

Because the Court finds that, as matter of law, Plaintiff cannot prove fraud in the inducement, the Court need not reach Plaintiff's failure to plead fraud with particularity. The Court observes, however, that Plaintiff's arguments on this issue do not warrant a different result. The cases cited by Plaintiff are inapposite and relate to facts wholly different from Plaintiff's case. *See, e.g., Luce v. Edelstein*, 802 F.2d 49 (2d Cir. 1986) (regarding allegations of securities fraud); *DiVittorio v Equidyne Extractive Indus., Inc.*, 822 F.2d 1242 (2d Cir. 1987) (same). Therefore, failing to satisfy the particularity requirements of Rule 9(b), Count I of the Amended Complaint must be dimissed.

D.   *The Claim Pursuant to Florida Law Governing Condominium Sales*

The TRG Defendants also request dismissal of Count II of the Amended Complaint, which seeks relief pursuant to a violation of Florida statutes §§ 713.508, 718.504 and 718.111. Plaintiff asserts that he never received the statutorily required documentation. (Am. Compl. ¶¶ 17, 28-31.) Florida statute sections 713.508, 718.504 and 718.111 regulate the disclosure of certain information prior to a sale of residential condominiums. *See* Fl. Stat. §§ 718.111, 718.503, 718.504. Specifically, section

718.503 requires disclosure of condominium operational and informational documents, section 718.504 requires that developers provide a prospectus and section 718.111 provides for the disclosure of condominium governance materials. *Id.*

The TRG Defendants maintain that Plaintiff placed his initials next to the paragraph stating that "BUYER HEREBY ACKNOWLEDGES THAT BUYER HAS BEEN PROVIDED A CURRENT COPY OF THE DECLARATION OF CONDOMINIUM, ARTICLES OF INCORPORATION OF THE ASSOCIATION, BYLAWS AND RULES OF THE ASSOCIATION AND A COPY OF THE MOST RECENT YEAR-END FINANCIAL INFORMATION . . . ." (Mot. to Dismiss, at 8.) Given the express language of the Purchase Agreement, the TRG Defendants argue, Plaintiff cannot seek to recover under Florida law asserting that he did not receive the documents. *See, e.g., Chalfonte Dev. Corp. v. Rosewin Coats, Inc.*, 374 So. 2d 618, 619-20 (Fla. 4th Dist. Ct. App. 1979) (dismissing identical claim where party signed contract acknowledging receipt of condominium documents and later sued denying receipt of the documents).

In this case, both versions of the Purchase Agreement include Plaintiff's initials expressly acknowledging receipt of the listed documentation. (Silverman Aff. Ex. B, at 8; Feinstein Aff. Ex. A, at 8.) Once again, the Purchase Agreement's explicit provisions contradict the allegations of the Amended Complaint. Having acknowledged receipt of the requisite documents, Plaintiff cannot now allege that he did not receive them. *Chalfonte*, 374 So. 2d at

619. Therefore, Plaintiff's claim for violation of Florida law must also fail.

E.   *Claim of Declatory Judgment Against All Defendants*

The Court finds that Plaintiff is not entitled to relief under Count I or Count II of the Amended Complaint, thus Plaintiff's request for declatory judgment also fails. *See, e.g., Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999) (finding that a complaint with deficient allegations fails to satisfy the "actual controversy" requirements necessary for declatory judgment). Consequently, Count III of the Amended Complaint is dismissed.

## IV.   CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the TRG Defendants' Motion to Dismiss the Amended Complaint for Failure to State a Claim, contained within the Notice of Removal [D.E. 1] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that this cause of action is **CLOSED** for administrative purposes and all pending motions are **DENIED** as moot.

13

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of November, 2007.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record